UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
HERICK LOUIS,

                             Plaintiff,

     -against-

THE CITY OF NEW YORK,
POLICE OFFICER ANDREAS SARGENT (TAX 943785),
SERGEANT GARY RICH (TAX 941125), and
LIEUTENANT MAUVIN BUTE (TAX 920064),

                             Defendants.
- - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FIRST AMENDED COMPLAINT**

14 CV 1148 (JBW) (RML)

**JURY TRIAL DEMANDED**

        Plaintiff Herick Louis, by his attorneys, Reibman & Weiner, as and for his First Amended Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

        1.     At all times hereinafter mentioned plaintiff Herick Louis was an adult male resident of Kings County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Andreas Sargent, was employed by the City of New York as a Police Officer with the NYPD. Sargent is sued herein in his official and individual capacities.

1

4. At all relevant times hereinafter mentioned, defendant Gary Rich, was employed by the City of New York as a Seargent with the NYPD. Rich is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Mauvin Bute, was employed by the City of New York as a Lieutenant with the NYPD. Bute is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the actions complained of herein occurred.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law for malicious prosecution, fabrication of evidence, and denial of due process and fair trial.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains for malicious prosecution, fabrication of evidence, and denial of due process and fair trial.

**RELEVANT FACTS**

11. On June 15, 2012, ("Date of the Arrest") at 12:40 a.m., plaintiff was lawfully walking on 40th Street at or near its intersection with Glenwood Road, in the County of

Kings, City and State of New York ("Scene of the Arrest").

12. At this time, defendants Sargent and Bute were present near the Scene of the Arrest in an unmarked NYPD vehicle.

13. Defendants stopped and exited their vehicle, and then, without any reasonable basis or probable cause for doing so, approached, stopped and detained plaintiff.

14. Plaintiff was not engaged in any unlawful or suspicious activity.

15. Despite the absence of any evidence of wrongdoing on the part of plaintiff, and despite the fact that there was no legal basis to detain, much less search plaintiff, the individual defendants stopped, detained, and searched him.

16. The search yielded no evidence of any guns, drugs, or contraband.

17. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

18. Defendant Rich arrived at the Scene of the Arrest and supervised the arrest of plaintiff.

19. Plaintiff did not know why he was being arrested, but while it was happening he overheard on the defendants' police radios that other members of the NYPD were apprehending, or had apprehended, other individuals in the area for gun possession, which plaintiff would eventually be charged with.

20. Plaintiff was then transferred to a local area precinct believed, to be the 67th Precinct, where he was held for several hours.

21. While at the precinct, the individual defendants subjected the plaintiff to excessive force by striking him on his face and body.

22. Plaintiff repeatedly requested medical attention for his injuries, including cuts and lacerations he sustained to his face, but the defendants refused to provide medical attention.

23. At no time did plaintiff resist arrest, nor did he engage in any violent, tumultuous, or threatening activity, or any other conduct which would have justified the use of force.

24. Defendants assaulted, battered, and threatened plaintiff, in order to coerce him into putting on a red sweatshirt and Cardinals baseball cap, which plaintiff did not own, and which plaintiff was not wearing that evening.

25. Plaintiff was then transferred to Kings County Central Booking, where he was held for several more days before he was arraigned on a criminal complaint containing false allegations sworn to by defendant Sargent.

26. Specifically, defendant Sargent provided several false allegations in support of the criminal complaint, including, but not limited to, that he "observed [plaintiff] in possession of what appeared to be a firearm in that deponent recovered a Smith & Wesson .38 caliber revolver loaded with 5 rounds of ammunition from the ground where deponent observed defendant throw it."

27. At the time of the arrest, defendant Rich was defendant Andreas Sargent's supervisor.

28. Defendant Rich approved the arrest and paperwork related to plaintiff's arrest.

29. Defendant Rich was aware of the aforementioned actions by the

defendants, and condoned or otherwise failed to prevent those actions.

30. Pursuant to these and other false allegations made by the defendants, plaintiff was charged with Criminal Possession of a Weapon in the Second Degree (PL 265.03) and Criminal Possession of a Weapon in the Fourth Degree (PL 265.01).

31. Following his arraignment, plaintiff was then transferred to Rikers Island Correctional Facility, where he remained in the custody and control of the City of New York for several more days.

32. Plaintiff was eventually released from custody several days after being arrested, and he was given a future date to return to court.

33. Plaintiff's case was presented to the grand jury.

34. It was objectively unreasonable for defendant Andreas Sargent to arrest plaintiff or to commence his prosecution since there was no probable cause or reasonable basis to suspect that he had engaged in any unlawful activity.

35. In fact, defendant Andreas Sargent knew that plaintiff had not been in possession of any gun.

36. At no time did there exist any basis to utilize any level of force against plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

37. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the above stated misconduct engaged in against plaintiff.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the

conduct of the defendants who engaged in the misconduct described herein as required.

39. The gun was fumed and dusted for latent prints which produced negative results for plaintiff's fingerprints.

40. The gun was also tested for DNA which produced negative results for plaintiff's DNA.

41. In fact, plaintiff had not been in possession of this gun, and defendant Andreas Sargent made these allegations in order to justify the false arrest of plaintiff.

42. The individual defendants, including defendant Andreas Sargent, nonetheless continued to prosecute plaintiff through their false testimony and sworn statements.

43. Defendant Andreas Sargent had several meetings with the Kings County District Attorney's Office during which he falsely represented that plaintiff had been in possession of a gun.

44. The defendants made a conscious decision to present an altered version of what transpired on the date of the incident, and they made a conscious decision to omit and falsify information in their reports, evidence, and other paperwork.

45. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

46. Andreas Sargent falsely testified before the grand jury that he observed with a firearm and that he saw him pull a firearm from his waistband and throw it.

47. Andreas Sargent also presented these false allegations in several reports and items of paperwork, including but not limited to, the Complaint Room Screening Sheet

48. Thus, notwithstanding the absence of any forensics evidence linking plaintiff to the gun, plaintiff was indicted on charges relating to gun possession.

49. The indictment was grounded on the identifications and false statements given by the defendants, including defendant Andreas Sargent.

50. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

51. Plaintiff was forced to make several court appearances pursuant to the foregoing and other false allegations before the charges against him were dismissed on October 11, 2013.

52. That at all times relevant herein, the defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

53. Plaintiff repeats the allegations contained in paragraphs "1" through "52" above as though stated fully herein.

54. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

55. Defendants willfully and intentionally subjected plaintiff to criminal process through the making of false or materially misleading statements and without probable cause to believe that these plaintiff could be successfully prosecuted, and did so without a

reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

56. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, denial of due process and a fair trial, malicious prosecution and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

57. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and economic injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

58. Plaintiff repeats the allegations contained in paragraphs "1" through "57" above as though stated fully herein.

59. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

60. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers

with respect to the general public, including, and specifically, the plaintiff herein.

61. For example defendant Rich has been investigated by the NYPD's Internal Affairs Bureau for failure to properly supervise officers accused of fabricating gun charges.

62. The facts giving rise to this investigation arose on or about November 15, 2012, when defendant Police Sergeant Gary Rich was supervising Police Officer Joseph Bonanno (shield number 6211).

63. On that date, P.O. Bonanno signed a criminal complaint (Kings County Docket Number 2012KN092502), in which he, as the deponent, stated that he had recovered a loaded pistol from a vehicle that he had seen being driven the previous night by the defendant charged in that Complaint - factual allegations that P.O. Bonanno later reiterated in sworn grand jury testimony.

64. In that case, the criminal defendant denied that he had a gun in the vehicle, and had alleged that the police obtained the gun from the vicinity of 284 Carmine Street in Brooklyn.

65. As of July 19, 2013, the Kings County District Attorney's Office had learned that an investigation by the NYPD's Internal Affairs Bureau, which included accounts other than the defendant's own statement, called into serious question the veracity of P.O. Bonanno's above-noted sworn statements.

66. As a result of this incident, P.O. Bonanno, who was supervised by defendant Rich, was placed on modified assignment.

67. Additionally, as a result of this incident, P.O. Rich was also placed on modified assignment.

9

68. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

69. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

70. The aforementioned customs, practices, procedures and rules of the CITY and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    b. Making arrests without probable cause and/or fabricating or withholding evidence to justify arrests;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

71. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.)

    h. *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

    i. *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j. *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k. *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l. *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m. *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n. *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o. *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p. *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

  r. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

  s. *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

  72. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

  73. Furthermore, more than half the cases that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either issues a verbal warning or drops the charges altogether.

  74. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

  75. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

76. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and economic injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

77. Plaintiff repeats the allegations contained in paragraphs "1" through "76" above as though stated fully herein.

78. Plaintiff was subjected to malicious prosecution, denial of due process and fair trial by the defendants' creation and use of fabricated evidence in this case.

79. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable or otherwise appropriate.

80. The defendants are therefore liable under state law to plaintiff for malicious prosecution, fabrication of evidence, and denial of due process and fair trial.

81. By reason thereof, defendants have caused plaintiff to suffer physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

vii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    viii. such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
     July 23, 2014

           REIBMAN & WEINER


        By:  s/

        Jessica Massimi (JM-2920)
        Attorneys for Plaintiff
        26 Court Street, Suite 1808
        Brooklyn, New York 11242
        (718) 522-1743